# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAMOND BREWER,

      Plaintiff, :     Case No. 3:08-cv-311

  -vs-                                     Magistrate Judge Michael R. Merz

                                    :

PHIL PLUMMER, MONTGOMERY
COUNTY SHERIFF, et al.,

      Defendants.

## DECISION AND ORDER GRANTING MOTION TO BIFURCATE

      Defendants have moved, pursuant to Fed. R. Civ. P. 42(b), to bifurcate the claims against Deputy Paul Henson from all other claims in the case (Doc. No. 20); Plaintiff opposes the Motion (Doc. No. 24).

      This is a classic § 1983 case in which Plaintiff seeks damages from an individual public official, Deputy Sheriff Paul Henson, for violating Plaintiff's constitutional right to be free from the use of excessive force. Should Plaintiff persuade the jury that Deputy Henson acted unconstitutionally, he also alleges and intends to prove that Henson's unconstitutional acts were caused by an unconstitutional custom, practice, or policy of Henson's employer, the Sheriff of Montgomery County, Ohio.

      Plaintiff has also named as an individual defendant a John Doe Butler Township Police Officer who is alleged in the Complaint also to have acted unconstitutionally along with Deputy Henson and pursuant to an unconstitutional custom, practice, or policy of Doe's employer, the Butler Township Police Department. In the Scheduling Order, the Court set a cut-off date of January 30,

2009, for adding parties to the case, and nothing has been filed to date to substitute a real person for the pseudonymous John Doe.

Municipalities and other bodies of local government are "persons" within the meaning of §1983 and may therefore be sued directly if they are alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978). An unconstitutional governmental policy can be inferred from a single decision by the highest officials responsible for setting policy in a particular area of the government's business. *Owen v. City of Independence,* 445 U.S. 622 (1980); *Pembaur v. City of Cincinnati,* 475 U.S. 469 (1986). On the other hand, official policy cannot be inferred from the single unauthorized act of a subordinate government agent, e.g., an unauthorized shooting by a police officer. *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005)("By itself, 'the wrongful conduct of a single officer without any policy-making authority did not establish municipal policy.'" *quoting Collins v. City of Harker Heights,* 503 U.S. 115, 121 (1992). For an act pursuant to custom to subject a municipality to liability, the custom must be so widespread, permanent, and well settled as to have the force of law. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 404 (1997); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-08 (6th Cir. 1996).

To recover, a plaintiff must identify the policy, connect the policy to the political subdivision itself, and show that the particular injury was incurred because of the execution of that policy. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 405, 116 S. Ct. 1382, 1389 (1997); *Garner v. Memphis Police Dept*., 8 F.3d 358, 364 (6th Cir. 1993). There must be a direct causal link between the policy and the alleged constitutional violation such that the governmental entity's deliberate conduct can be deemed the moving force behind the constitutional violation.

*Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004), citing *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)(citing *Board of County Comm'r of Bryan County, Okl., v. Brown*, 520 U.S. 397, 404, 116 S. Ct. 1382, 1388 (1997)).

In every case involving an alleged constitutional tort by an individual public agent, the plaintiff must prove both the tort and, beyond that, the existence of the municipal policy and that the policy caused the individual's action. If the plaintiff is unsuccessful in proving the individual tort, the balance of the proof becomes moot. Thus it has become standard practice for all four judges at the Dayton location of court in § 1983 cases to bifurcate the claims against individual officers from those against the municipality.

Plaintiff has presented no good reason to depart from this standard practice in this case. The Court does not contemplate separate trials in the sense that Plaintiff would have to travel repeatedly from his home to Dayton. Rather, the jury will hear evidence on the individual claims and be asked to return a verdict on those claims. If the jury returns a verdict in Plaintiff's favor, Plaintiff would immediately proceed to present the balance of his evidence. If the jury returns a verdict in favor of Deputy Henson, then there will be no need for further evidence. Plaintiff is in no way prejudiced by this mode of proceeding.

Accordingly, Defendants' Motion to Bifurcate is GRANTED.

August 27, 2009.

                    s/ **Michael R. Merz**
                    United States Magistrate Judge